UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES WOHLER | CIVIL ACTION |
| VERSUS | NO. 08-838 |
| ST. TAMMANY PARISH SCHOOL BOARD | SECTION "N" (5) |

**ORDER AND REASONS**

Presently before the Court is the Motion for Summary Judgment filed by Defendant St. Tammany Parish School Board (Rec. Doc. No.14). As stated herein, **IT IS ORDERED** that the motion is **GRANTED**.

**BACKGROUND**

In this action, Plaintiff claims that Defendant unlawfully terminated his employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111. Specifically, Plaintiff argues that he suffers from a mental disability – bi-polar personality disorder – and that Defendant failed to reasonably accommodate that disability.

**LAW AND ANALYSIS**

**I.** **Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The

materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the

nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. **Application**

A plaintiff asserting an ADA claim must prove that (1) he has a disability; (2) he is qualified for the job; and (3) an adverse employment decision was made because of his disability. *See, e.g., Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007); *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1996). Under the statute, a "qualified individual with a disability" is an "individual with a disability who, with or without reasonable accommodation, can

3

perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

In this instance, the Court assumes that, at the pertinent time, Plaintiff suffered from a disability as that term is defined by the ADA.[1] Thus, "[t]o avoid summary judgment on whether he is a qualified individual, [Plaintiff] needs to show (1) that he could perform the essential functions of the job in spite of his disability, or (2) that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job." *Turco*, 101 F.3d at 1093; *see also, e.g., Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810, n. 14 (5th Cir. 1997). Having reviewed the parties' summary judgment submissions, the Court finds that Plaintiff has not satisfied, and cannot satisfy, this burden.

Specifically, Plaintiff's own deposition testimony concedes that, during the relevant time period, he was incapable of performing the essential functions of his job as a computer technician.[2] Indeed, Plaintiff asserted that, at the time, he "didn't think that [he] should be working at all."[3] Nor did he think it would have been advisable for him to drive to work "out in the field."[4] Further, he testified that he was not certain that it would have been safe for him to be around the

---

[1] Plaintiff's opposition memorandum explains that his condition was episodic rather than continuous. *See* Memorandum in Opposition to Defendant's Motion for Summary Judgment (Rec. Doc. 19) at 8.

[2] *See* Transcript of Deposition of James Wohler, which is attached to Defendant's Supplemental Memorandum in Support of Motion for Summary Judgment (Rec. Doc. 24), at pp. 32-34 and 41-42. Plaintiff's deposition testimony additionally reveals that, as of the time of the September 21, 2009 deposition, he was unemployed, receiving Social Security disability benefits, and on Medicare. *Id*. at p. 8.

[3] *Id*. at pp. 38 and 40.

[4] *Id*. at p. 42.

children at the schools.[5] Finally, he found Defendant's available warehouse position too stressful and overwhelming.[6] Thus, Plaintiff essentially contends that Defendant should have accommodated his condition by holding his job open and allowing him additional leave time.[7] Alternatively, he proposed that he be allowed to work only part of the day – and be put with "another technician[,] or have somebody help [him] out" – until his condition had improved sufficiently.[8]

The ADA, however, does not require an employer to indefinitely excuse an employee from his work duties, or to create a part-time or "light duty" position where one does not otherwise exist, or is not available.[9] *Foreman v. Babcock & Wilcox Co.*, 117 F.3d at 810 (ADA prohibits discrimination rather than requiring affirmative action); *Turco*, 101 F.3d at 1094; *Stewart v. Viking Range Corp.*, Civil Action No. 07-156, 2008 WL 5156624, *3 (N.D. Miss. 12/8/08); *Magnant v. Panelmatic Texas, Inc.*, Civil Action No. 05-0135, 2006 WL 2434475, *12-14 (S.D. Tex. 8/22/06). Nor does it obligate an employer to impose additional duties on other employees. *Turco*, 101 F.3d at 1094 ("an accommodation that would result in other employees having to work harder or longer is not required"); *Magnant*, 2006 WL 2434475 at *14. Here, Plaintiff has not put forth any evidence of an available part-time position that he was capable of performing. Additionally, moreover,

---

[5] *Id*. at p. 56.

[6] *Id*. at pp. 65, 162, and 166-67.

[7] *Id*. at pp. 41-42. It is undisputed that Plaintiff previously had utilized all of his paid sick leave.

[8] *Id.* at pp. 39-40, 62 and 111 (agreeing that "if [he] had to work, [he] wanted to . . . limit [his] hours just so [he] could hold [his] job [until he] could get back on [his] feet."

[9] The Court does not find the authorities cited by Plaintiff to establish the contrary. Rather, they are factually distinguishable. *See Pals v. Schepel Buick & GMC Truck,* Inc., 220 F.3d 495 (7th Cir. 2000); *Terrell v. USAir*, 132 F.3d 621 (11th Cir. 1998).

5

Plaintiff admittedly was not certain that having someone help him at work would have enabled him to effectively perform his work duties.[10]

Given his undisputed desire to work, the Court is sympathetic to Plaintiff's plight. Nevertheless, given the foregoing, the Court finds that Plaintiff has not borne his burden of demonstrating the existence of a genuine issue of material fact relative to his ability to perform his essential job functions under the requirements of the ADA. Accordingly, in the absence of a triable issue weighing in Plaintiff's favor, Defendant is entitled to summary judgment.

## **CONCLUSION**

For the reasons stated, **IT IS ORDERED** that Defendant's motion for summary judgment (Rec. Doc. No. 14) is **GRANTED**. Accordingly, **IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 10th day of December 2009.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

---

[10] *Id.* at 62.